**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 26-761 |
| Plaintiff - Appellee, | D.C. No. 6:16-cr-00015-BMM-1 |
| v. | |
| JOHN GREGORY ALEXANDER HERRIN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

John Gregory Alexander Herrin appeals pro se from the district court's order

denying his petition for a writ of error coram nobis. We have jurisdiction under 28

U.S.C. § 1291. Reviewing de novo, *see United States v. Kroytor*, 977 F.3d 957,

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

961 (9th Cir. 2020), we affirm.

In his petition, Herrin alleged that his conviction suffered from a structural defect because the district court insufficiently adjudicated the admissibility of certain evidence. We agree with the district court that Herrin failed to show valid reasons for his delay in challenging his conviction. *See id.* (stating requirements for coram nobis relief). Herrin's reference to "[c]ustodial and pandemic-related constraints" fails to explain why he did not file a § 2255 motion while he was in custody, and he provided no justification for the yearlong delay in filing the petition after his supervised release term ended. *See id.* ("[W]here petitioners reasonably could have asserted the basis for their coram nobis petition earlier, they have no valid justification for delaying pursuit of that claim."); *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007) (delay unjustified because grounds on which petitioner sought relief could have been raised in earlier proceedings).

Because Herrin's failure to meet this coram nobis requirement is dispositive, we do not address the parties' remaining arguments regarding his petition. *See Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) ("Because [the coram nobis] requirements are conjunctive, failure to meet any one of them is fatal.").

**AFFIRMED.**